UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHIRLEY LETO,
*Plaintiff*,

v.

BRIDGES HEALTHCARE, INC.,
*Defendant*.

No. 3:20-cv-01272 (VAB)

**RULING AND ORDER ON MOTION TO AMEND**

Shirley Leto ("Plaintiff") has sued Bridges Healthcare, Inc. ("Bridges" or "Defendant") for wrongful discharge under Connecticut law, breach of contract, and breach of the covenant of good faith and fair dealing. *See* Compl., ECF No. 1-1 (July 23, 2020); *see also* Second Am. Compl., ECF No. 22 (Oct. 20, 2020) ("Second Am. Compl."). This Court previously dismissed the Second Amended Complaint in this matter without prejudice to renewal. *See* Order, ECF No. 47 (July 30, 2021).[1] Ms. Leto now moves to amend her Complaint for a third time. *See* Mot. for Leave to Amend Compl., ECF No. 51 (Aug. 11, 2021) ("Third Am. Compl.")

For the following reasons, Ms. Leto's motion for leave to amend the Complaint with a wrongful discharge claim under Connecticut General Statutes § 31-51q is **DENIED**. The remaining state common law claims of wrongful discharge, breach of contract, and breach of the covenant of good faith and fair dealing will be remanded to the Connecticut Superior Court, the Judicial District of Milford.

---

[1] The Court's decision also can be located at *Leto v. Bridges Healthcare, Inc.*, No. 3:20-CV-01272 (VAB), 2021 WL 3269091 (D. Conn. July 30, 2021) ("*Leto I*").

1

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

Familiarity with the factual and procedural background in this matter is assumed. *See* Order at 2–6, ECF No. 47 (July 30, 2021). The Court, however, will review the procedural history in this case since its most recent Ruling and Order.

On July 30, 2021, this Court granted the Defendant's motion to dismiss with respect to the sole claim[2] upon which Ms. Leto asserted federal question jurisdiction: wrongful discharge under Connecticut General Statutes § 31-51q.[3] *Id.* Rather than remand the case to state court, however, the Court granted Ms. Leto permission to move for leave to file an amended pleading by August 27, 2021. *Id.* at 2.

On August 2, 2021, Bridges filed a motion for reconsideration of the Court's decision. *See* Mot. for Recons., ECF No. 48 (Aug. 2, 2021). The Court denied that motion without prejudice to renewal. *See* Order, ECF No. 50 (Aug. 5, 2021).

On August 11, 2021, Ms. Leto filed a motion for leave to file a Third Amended Complaint. *See* Third Am. Compl.

On August 17, 2021, Bridges filed a memorandum in opposition to Ms. Leto's motion to amend. *See* Def.'s Mem. in Opp'n to Mot. to Amend Compl., ECF No. 53 (Aug. 17, 2021) ("Opp'n").

---

[2] In an order on a motion for clarification, the Court clarified that the wrongful discharge claim under Connecticut General Statutes § 31-51q had been dismissed. *See* Order, ECF No. 50 (Aug. 5, 2021).

[3] Because Ms. Leto's § 31-51q claim requires interpretation of First Amendment law, this Court has federal question jurisdiction over this case, removed from state court. *See, e.g.*, *Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 115–16 (2d Cir. 2004) (finding that the district court had jurisdiction over a plaintiff's claim under § 31-51q because "a federal question was implicated on the face of his well-pleaded complaint," as the plaintiff had "allege[d] on the face of his well-pleaded complaint that the Board [of Education] violated his rights as established, under section 31-51q, by either the United States or the Connecticut Constitution," and noting that "[c]ourts construing section 31-51q consistently look to federal First Amendment law to determine whether section 31-51q gives rise to a cause of action in the cases before them").

Pending resolution of this motion, the Court extended the deadline to complete discovery until ninety (90) days after the Court rules on Ms. Leto's third motion to amend the Complaint. *See* Order, ECF No. 54 (Aug. 18, 2021).

## II. STANDARD OF REVIEW

Under Rule 15 of the Federal Rules of Civil Procedure, a party may either amend once "as a matter of course within[ ] 21 days" of service, or the earlier of 21 days after service of a required responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Once that time has elapsed, a party may move for leave to file an amended pleading. Fed. R. Civ. P. 15(a)(2). Courts "should freely give leave [to amend] when justice so requires." *Id.*; *see also Friedl v. City of N.Y.*, 210 F.3d 79, 87 (2d Cir. 2000) ("[D]istrict courts should not deny leave unless there is a substantial reason to do so, such as excessive delay, prejudice to the opposing party, or futility."). The Second Circuit "review[s] the district court's decision to grant a party leave to amend for abuse of discretion." *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000).

Reasons for denying leave to amend include "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017) ("The denial of leave to amend, based solely on delay and litigation expense, was an abuse of discretion. The district court's explanation cited the years of litigation and concluded: '[The] defendants have spent a vast amount of money litigating the sufficiency of various complaints in this case. This is not something unworthy of consideration. It is surely

3

prejudice . . . .' . . . But delay (and its necessary consequence, litigation expense) does not, without more, constitute undue prejudice." (internal citations omitted)).

"Where . . . a scheduling order governs amendments to the complaint, . . . the lenient standard under Rule 15(a), which provides leave to amend shall be freely given, must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." *Holmes v. Grubman*, 568 F.3d 329, 334–35 (2d Cir. 2009) (internal citation and quotation marks omitted).

## III.   DISCUSSION

Ms. Leto has filed a proposed Third Amended Complaint. *See* Third Am. Compl. Bridges has opposed this amendment on the grounds that the Third Amended Complaint fails to cure a deficiency identified by the Court: namely, whether Bridges is a state actor for the purposes of Ms. Leto's wrongful discharge claims under § 31-51q.[4] *See* Opp'n at 1–6.

The Court considers these arguments in light of case law previously unaddressed by the Court: rulings holding that § 31-51q applies to private employers. *See Cotto v. United Techs. Corp.*, 48 Conn. App. 618, 629 (Conn. App. Ct. 1998), *aff'd*, 251 Conn. 1 (Conn. 1999); *see also Ting v. Univ. of Bridgeport*, No. 3:11-CV-20 (CFD), 2011 WL 2222309, at *3 (D. Conn. June 7, 2011) ("[T]he Connecticut legislature extended First Amendment protections to employees in the private workplace through the enactment of Conn. Gen. Stat. § 31–51q." (citing *Cotto v. United Techs. Corp.*, 251 Conn. 1, 15 (1999))); *Trusz v. UBS Realty Invs.*, No. 3:09-CV-268 (JBA), 2010 WL 1287148, at *9 n.8 (D. Conn. Mar. 30, 2010)

---

[4] The Defendant interprets the Court's prior ruling to impose a state action requirement both upon the common law wrongful discharge claim and the § 31-51q claim. This Court, however, in its order on a motion for reconsideration, clarified that only the § 31-51q claim had been dismissed. *See* Order, ECF No. 54 (Aug. 18, 2021). The wrongful discharge claim under Connecticut common law, accordingly, is a state law matter for which the Court will only exercise jurisdiction if the § 31-51q claim is not dismissed.

("Section 3151q covers private employers while Section 1983 does not." (internal citation omitted)). As a result, upon further consideration, the Court concludes that whether Ms. Leto has appropriately pled state action is inapposite.

To establish liability under § 31-51q, Ms. Leto instead must show "protected activity, adverse action, a causal relationship between the activity and the adverse action, and that the protected activity did not interfere with the central purposes of the employment relationship." *Winik–Nystrup v. Manufacturers Life Ins. Co.*, 8 F. Supp. 2d 157, 159 (D. Conn. 1998). The primary grounds upon which Bridges has sought to dismiss this Complaint previously, apart from the state action issue, is that Ms. Bridges has failed to allege "protected activity," as required to state a claim under § 31-51q. *See* Mot. to Dismiss Second Am. Compl., ECF No. 27 (Dec. 4, 2020); Mem. in Supp. of Mot. to Dismiss Second Am. Compl. at 3–16, ECF No. 28 (Dec. 4, 2020). The Defendant has contended that "it is not clear that the [F]irst [A]mendment contains any cognizable right to privacy," as Ms. Leto alleges, and that, even if the First Amendment encompassed a right to privacy, the Second Amended Complaint "is fatally flawed because that right does not include a fundamental right of association."[5] *Id.* at 9–10 (emphasis omitted).

Ms. Leto has asserted that the "grounds for [her] firing violated public policy, i.e. her rights to privacy and freedom of association as enshrined in the first and fourteenth amendments

---

[5] Bridges further argues that "even though the [F]ourteenth [A]mendment protects privacy rights in certain instances, . . . there is no clearly established public policy that protects what the plaintiff alleges to be her privacy right here," or the right to privacy "in her relationship" with Mr. Dixon. *Id.* at 12 (internal citation omitted). Rights protected under the Fourteenth Amendment of the U.S. Constitution, however, are not contained within the purview of § 31-51q. *See* Conn. Gen. Stat. § 31-51q (providing protection for "discipline or discharge on account of the exercise by such employee of rights guaranteed by the first amendment to the United States Constitution or section 3, 4 or 14 of article first of the Constitution of the state"); *see also Urashka v. Griffin Hosp.*, 841 F. Supp. 468, 474 (D. Conn. 1994) ("Section 31–51q, by its own terms, protects only those rights guaranteed by the first amendment to the United States Constitution or section 3, 4 or 14 of article first of the [Connecticut] constitution . . . ." (quotation marks and internal citation omitted) (alteration in original)).

to the United States Constitution, Article First Section 7 of the Constitution of the State of Connecticut and [ ] [Bridges]'s own staff handbook . . . ." Second Am. Compl. ¶ 20.

The Court disagrees.

"Most employee speech is not protected under § 31-51q." *Doe v. Paychex, Inc.*, No. 3:17-CV-2031 (VAB), 2019 WL 2027080, at *11 (D. Conn. May 6, 2019). Rather, "[t]o qualify as protected activity under this statute, [an employee's] 'speech must be on a matter of public concern . . . .'" *McClain v. Pfizer, Inc.*, 692 F. Supp. 2d 229, 241–42 (D. Conn. 2010) (*quoting Cotto*, 48 Conn. App. at 630); *see also Mercer v. Schriro*, 337 F. Supp. 3d 109, 128 (D. Conn. 2018) (employee alleging violation of their First Amendment freedom of association "must persuade a court that the associational conduct at issue touches on a matter of public concern" (internal citation omitted)).

Ms. Leto has asserted that the issue of public concern at issue here is workplace discrimination and sexual harassment. *See Leto v. Bridges Healthcare, Inc.*, No. 3:20-CV-01272 (VAB), 2021 WL 3269091 at *8 n.8 (D. Conn. July 30, 2021) ("*Leto I*"). This is not, however, a suit against a governmental entity for a hostile work environment under Section 1983 or a claim against an employer under Title VII. *See, e.g.*, *Saulpaugh v. Monroe Cmty. Hosp.*, 4 F.3d 134, 143–44 (2d Cir. 1993) ("This Court, like our sister circuits, has upheld a Section 1983 claim against a public official for improper sexual conduct toward an employee that created a hostile work environment."); *Redd v. New York Div. of Parole*, 678 F.3d 166, 174–75 (2d Cir. 2012) ("Title VII prohibits an employer from "discriminat[ing] against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of, *inter alia*, such individual's . . . sex." (alteration in original) (internal citation and quotation marks omitted)). Meanwhile, Ms. Leto has not provided this Court with any authority to suggest that

6

her alleged right to the relationship alleged—a consensual relationship with the company's executive director, a personal matter—constitutes a matter of public concern within the purview of § 31-51q. *See* Mem. in Opp'n to Def.'s Mot. to Dismiss Second Am. Compl. at 7–12, ECF No. 33 (Jan. 20, 2021).

Furthermore, regardless of whether Ms. Leto has alleged protected activity, she also has failed to allege that the alleged conduct at issue did not "interfere with the central purposes of the employment relationship." *Winik–Nystrup.*, 8 F. Supp. 2d at 159 (internal citation omitted). A court can infer lack of substantial interference with the employment relationship from specific factual allegations in a well-pleaded complaint. *See, e.g.*, *Weinstein v. Univ. of Connecticut*, No. HHDCV116027112S, 2018 WL 2222131, at *8 (Conn. Super. Ct. Apr. 25, 2018) (plaintiff's allegation that "he expressed his determination to do his utmost to support the Dean's changes to the program regardless of his views and to make the program as successful as possible provides the basis for an inference of no substantial or material interference with his job" (internal quotation marks omitted)).

Here, however, Ms. Leto provides no factual allegations upon which the Court can draw such an inference; instead, Ms. Leto alleges that "the quality of [her] work did not diminish," which is merely conclusory. Third Am. Compl. ¶ 18 The Court therefore cannot find, even if protected activity has been properly alleged, that Ms. Leto has appropriately pled a claim under § 31-51q. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

As a result, leave to amend the Complaint will be denied. *See Foman*, 371 U.S. at 182 (reasons for denying leave to amend include "repeated failure to cure deficiencies by amendments previously allowed").

Having denied leave to amend her Complaint with a wrongful discharge claim under Connecticut General Statutes § 31-51q, this Court, as noted in its earlier opinion, *see Leto I*, 2021 WL 3269091, at *8–*10, declines to exercise supplemental jurisdiction over the remaining claims, *see Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise [supplemental] jurisdiction over the remaining state-law claims." (internal citation and quotation marks omitted)); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, . . . the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." (internal citations omitted)).

Accordingly, the wrongful discharge claim under Connecticut General Statutes § 31-51q[6] will be dismissed, and the remaining claims will be remanded back to Connecticut Superior Court.

## IV. CONCLUSION

For the foregoing reasons, Ms. Leto's motion for leave to amend the Complaint with a wrongful discharge claim under Connecticut General Statutes § 31-51q is **DENIED**.

The Clerk of Court respectfully is directed to remand the remaining state common law claims of wrongful discharge, breach of contract, and breach of the covenant of good faith and fair dealing to the Connecticut Superior Court, the Judicial District of Milford, and to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 4th day of February, 2022.

---

[6] The Court herein reiterates, as previously clarified, *see* Order, ECF No. 50 (Aug. 5, 2021), that it has only dismissed Ms. Leto's wrongful discharge claim under § 31-51q; the Court has issued no decision as to whether Ms. Leto has stated a claim for wrongful discharge under Connecticut common law. *See* Third Am. Compl. ¶ 20 (asserting claim of wrongful discharge under "the common law of the State of Connecticut" in addition to § 31-51q).

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE